# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **N.B.**

**No. 22-0220** (Marion County 21-JA-90)

## MEMORANDUM DECISION

Petitioner Father D.B., by counsel Clarissa M. Banks, appeals the Circuit Court of Marion County's February 1, 2022, order terminating his parental rights to N.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katica Ribel, filed a response in support of the circuit court's order. The guardian ad litem, Heidi M. Georgi Sturm, filed a response on behalf of the child in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2021, the DHHR filed a petition alleging that petitioner abused and neglected the child by virtue of his pervasive substance abuse and the DHHR and law enforcement discovering needles, methamphetamine, marijuana, and a loaded firearm within the child's reach in the home. Petitioner waived his right to a preliminary hearing and was ordered to submit to drug screens that same month.

At the adjudicatory hearing in October of 2021, petitioner admitted that he left drug paraphernalia within the child's reach. The DHHR also presented several witnesses in support of its petition, after which the court adjudicated petitioner as an abusing and/or neglectful parent.

The court held the final dispositional hearing in January of 2022, during which the DHHR introduced evidence that petitioner tested positive on multiple occasions for multiple drugs,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

including THC and methamphetamine. Additionally, petitioner had no contact with the DHHR for several weeks following a hearing in November of 2021. During the dispositional hearing, petitioner testified that the child "wasn't worth" having the court and DHHR involved in his life. A DHHR worker also testified that she had no reason to believe petitioner would participate in an improvement period. The court then found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because he had done nothing to demonstrate a capacity to improve and habitually abused illegal drugs. The court also found that termination of petitioner's rights was necessary for the child's welfare, especially given petitioner's failure to take any responsibility for the abuse and neglect in the home. The court then denied petitioner's motion for an improvement period and terminated his parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the court erred in terminating his parental rights without affording him an improvement period. We disagree, given that the court found that petitioner failed to take responsibility for his abuse and neglect of the child. As we have explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). At the dispositional hearing, petitioner testified that Child Protective Services ("CPS") kidnapped his child and that there was no reason for CPS to be involved with his family. As such, it is clear that

---

[2]The mother's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

petitioner's refusal to acknowledge the conditions of abuse and neglect rendered him unable to correct them, and we find no error in the denial of his motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (granting circuit courts discretion to deny an improvement period when no improvement is likely).

This same evidence also supports the court's termination of petitioner's parental rights. Additionally, the record shows that petitioner took no steps to remedy any of the conditions of abuse and neglect at issue. Because the court made the requisite findings, based upon ample evidence, to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood. . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 1, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn